IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Morgan Kenneth Miller,<br><br>        Petitioner,<br><br>vs.<br><br>Laura Escapule, Thomas C. Horne,<br><br>        Respondents. | No. CV-14-8245-PCT-JJT (JZB)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE JOHN J. TUCHI, UNITED STATES DISTRICT JUDGE:

Petitioner Morgan Kenneth Miller has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.)

**I.   SUMMARY OF CONCLUSION**

Petitioner's conviction became final on or about September 19, 2003. With statutory tolling, Petitioner had until November 4, 2004 to file his Petition. However, Petitioner filed his Petition on December 15, 2014. Because there are no grounds for equitable tolling, the Court concludes that Petitioner's claims are untimely. Therefore, the Court will recommend the Petition be denied and dismissed with prejudice.

**II.   BACKGROUND**

      **a.  Facts of the Case**

In disposing of Petitioner's direct appeal, the Arizona Court of Appeals summarized the facts and procedural history as follows:

> On August 9, 1999, Sergeant Robert McEuen, Jr., of the Mohave County Sheriff's Department stopped a young man driving a 1997 International

truck because of several equipment violations. After running a check on the truck's license plate, dispatch advised Sergeant McEuen that the truck had been reported stolen in California. About that time, a 1998 white Ford pickup went speeding past. The young man informed Sergeant McEuen that he was traveling with the driver of the Ford pickup. Sergeant McEuen pursued and stopped the white Ford pickup. The Ford pickup, driven by the defendant, was also reported stolen from California. Sergeant McEuen took the defendant into custody and read him his *Miranda* rights.

After another officer took the defendant to jail, Sergeant McEuen returned to speak with the young man driving the International truck. The young man took Officer McEuen to a parcel of land just a few miles away in the direction from which both vehicles had come. On that parcel, Officer McEuen found "several vehicles, parts of vehicles, [a] water truck, a large boom truck, a pontoon boat, and [a] small Bobcat."

After obtaining a search warrant, Mohave County Sheriff's detectives attempted to identify and took pictures of, the various vehicles and vehicle parts found on the parcel. The detectives found several pieces of stolen equipment, including an air compressor trailer, a boom truck, a Bobcat, a water tanker, a fifth wheel trailer, a pontoon boat, and several other vehicles and dismantled vehicle parts on the parcel.

(Doc. 11-1, Ex. J at 2–3.)[1]

A Mohave County grand jury indictment returned August 19, 1999, charged Petitioner with one count of theft of over $25,000, one count of operating a "chop shop," one count of trafficking in stolen vehicles, and one count of theft of a means of transportation. (*Id.*, Ex. A at 1–3.) At his arraignment on August 27, 1999, Petitioner was informed of the possible sentence he faced if found guilty of the charges against him. (*Id.*, Ex. G at 1.)

Petitioner was represented by appointed counsel during his criminal proceedings. An evidentiary hearing on Petitioner's motion to suppress his post-Mirandized statements was held on May 15, 2000. (*Id.*, Ex. G at 2.) At the conclusion of the hearing, the trial court granted the motion to suppress Petitioner's statements to police officers after his arrest. (*Id.*, Ex. G at 6.)

---

[1] Because the findings of fact in the last reasoned state court decision are entitled to a presumption of correctness, rebuttable only by clear and convincing evidence, the undersigned adopts the statement of facts presented by the Arizona Court of Appeals in its memorandum decision in Petitioner's direct appeal. *See Hedlund v. Ryan*, 750 F.3d 793, 796 (9th Cir. 2014).

### b. Trial Court Proceedings

#### i. Trial and Sentencing

On May 31, 2002, at the conclusion of a three-day trial, a jury found Petitioner guilty of theft of $25,000 or more, trafficking in stolen property, operating a chop shop, and theft of a means of transportation. (*Id.*, Ex. B at 3.) Petitioner was represented by appointed counsel during his trial.

On June 27, 2002, the state trial court found Petitioner had previously been convicted of felony theft in California in 1998, and sentenced Petitioner to concurrent sentences of 9.25 years pursuant to each of his convictions on the counts of theft, trafficking in stolen property, and operating a chop shop. (*Id.*, Ex. C at 2–5, Ex. D.) Petitioner was sentenced to a consecutive term of 6.5 years imprisonment pursuant to his conviction on the charge of theft of a means of transportation. (*Id.*) Additionally, Petitioner was sentenced to a term of 2.25 years of supervised release to commence upon his release from incarceration, and given credit for 369 days of pre-sentence incarceration. (*Id.*, Ex. C at 3.) Petitioner was further ordered to pay approximately $77,000.00 in restitution. (*Id.*, Ex. E.)

#### ii. Direct Appeal

Petitioner took timely direct appeals of his convictions and sentences, and the trial court's restitution order. (*Id.*, Ex. F, Ex. H.) In both cases, Petitioner's appointed appellate counsel filed an *Anders* brief, indicating he could find no meritorious issue to raise in Petitioner's direct appeals. And, although Petitioner was given the opportunity to file *in propria persona* briefs in his direct appeals, Petitioner did not file such a brief in either case. (*Id.*, Ex. G, Ex. I, Ex. J, Ex. K.) The Arizona Court of Appeals affirmed Petitioner's convictions and sentences in a memorandum decision entered on February 27, 2003, and affirmed Petitioner's restitution in a memorandum decision on August 14, 2003. (*Id.*, Ex. J, Ex. K.) Petitioner did not seek review of the Arizona Court of Appeals' decisions by the Arizona Supreme Court.

### c. Petitions for State Post-Conviction Relief

#### i. First Petition for State Post-Conviction Relief

Petitioner initiated a state action for post-conviction relief, pursuant to Rule 32 of the Arizona Rules of Criminal Procedure, prior to the date his conviction became final. (*Id.*, Ex. M.) The state court stayed the matter until the conclusion of Petitioner's direct appeal. (Doc. 11-2, Ex P.) Petitioner's appointed post-conviction counsel, Ms. Natale, averred to the state trial court that she was unable to find any meritorious claims for relief to raise in Petitioner's Rule 32 action. (*Id.*, Ex. Q.) Petitioner was allowed until October 27, 2003, to file a *pro se* Rule 32 brief. (*Id.*, Ex. R.) On November 3, 2003, the state trial court noted that the time for Petitioner to raise any issues *pro se* had expired, and the trial court accordingly dismissed the Rule 32 action. (*Id.*, Ex. S.)

Approximately eight years later, on October 14, 2011, Petitioner filed a "Motion for Reconsideration of Sentencing Scheme" in the state trial court, in which he argued that the state court had failed to consolidate his prior offenses for purposes of sentencing. (*Id.*, Ex. T.) The state trial court noted that "[a]lthough he does not request any specific relief, the Court presumes the defendant is objecting to the imposition of consecutive sentences in this case." (*Id.*, Ex. U.) The court then found that this request was untimely, Petitioner's convictions and sentences had already been considered on appeal, and denied the motion for relief from sentencing. (*Id.*)

#### ii. Second Petition for State Post-Conviction Relief

On September 24, 2012, Petitioner initiated a second Rule 32 action, asserting he was entitled to relief based on newly-discovered facts and pursuant to a "newly discovered" Supreme Court case, *Lafler v. Cooper*, 132 S.Ct. 1376 (2012). (*Id.*, Ex. V.) Petitioner argued that his trial counsel's performance was unconstitutionally ineffective because Petitioner did not accept a plea offer based on counsel's advice. (*Id.*, Ex. V at 3.) Petitioner also alleged his counsel failed to advise Petitioner of a 2.5-year plea offer, which "led to a less favorable outcome." (*Id.*) In its decision denying relief on this claim, the state trial court distinguished *Lafler* from Petitioner's case and found

Petitioner's case more similar to *Missouri v. Frye*, 132 S.Ct. 1399 (2012), which the court summarily stated was "no help" to Petitioner. (*Id.*, Ex. W at 1.) The state trial court dismissed the action, concluding that "[t]he right to effective assistance of counsel in the plea bargaining process is certainly nothing new." (*Id.*) The court stated that, because Petitioner's post-conviction action did not assert a significant change in the law, the action was not timely. (*Id.*)

### iii.  Third Petition for State Post-Conviction Relief

On October 19, 2012, Petitioner filed a third Notice of Post-Conviction Relief, again claiming that his pre-trial counsel had been ineffective for advising Petitioner to reject all plea offers that were conveyed to him and that his pre-trial counsel had failed to convey to him a plea offer providing for a sentence of 2.5 years imprisonment. (*Id.*, Ex. X at 3.) Petitioner further alleged that, if the 2.5 year plea offer had been conveyed to him, he would have accepted the plea offer. (*Id.*) Petitioner further asserted that his trial counsel's performance was unconstitutionally ineffective because his counsel had only 52 days to prepare for trial after receiving the case from Petitioner's pre-trial counsel. (*Id.*) Finding that Petitioner had "fail[ed] to allege anything new that constitutes a colorable claim or that would entitle him to relief," the court dismissed Petitioner's third Rule 32 action. (*Id.*, Ex. Y.)

### iv.  Fourth Petition for State Post-Conviction Relief

On November 19, 2012, Petitioner filed a fourth Notice of Post-Conviction Relief. (*Id.*, Ex. Z.) Petitioner alleged that he was denied his right to the effective assistance of post-conviction counsel because his counsel told Petitioner that counsel would raise the issue of his prior counsel's failure to present Petitioner with the 2.5 year plea agreement in a Rule 32 action, but then failed to do so. (*Id.*)

In denying relief, the state court concluded:

> . . . Ms. Natale filed a notice on September 9, 2003 indicating that she reviewed the case and found no colorable claims. Judge Moon then granted the defendant until October 27, 2003 to file a *pro se* PCR petition. A copy of this minute order was sent to the defendant at his prison mailing address.
>
> For whatever reason, the defendant waited approximately 8 years before he

> began to vigorously raise legal issues in an attempt to challenge his conviction and sentence. Judge Moon had long since retired from the bench, and so this court now has the pleasure of addressing them. The defendant fails to explain how in the name of Julius Caesar's ghost it took him more than 8 years to "discover" a PCR petition was not filed for him. He fails to explain why he never filed his own timely PCR petition, despite being provided the opportunity to do so by Judge Moon. Simply put, the defendant again fails to raise any colorable claims which would justify appointment of counsel, an evidentiary hearing, or any relief whatsoever.

(*Id.*, Ex. AA.)

### d. Special Action

On January 25, 2013, Petitioner initiated a special action in the Arizona Court of Appeals, again asserting that he was denied his right to the effective assistance of counsel because his pre-trial counsel failed to convey to Petitioner a plea agreement providing for a sentence of 2.5 years imprisonment. (*Id.*, Ex. BB.) On May 29, 2014, the Arizona Court of Appeals granted review of the trial court's denial of special action relief and denied relief. (*Id.*, Ex. HH.) The appellate court found Petitioner had not first presented his ineffective assistance of counsel claim to the trial court and that Petitioner had not raised the issue of the failure to convey the plea agreement in his first Rule 32 action and, accordingly, that the claim was precluded. (*Id.*, Ex. HH.)

### e. Federal Petition for Writ of Habeas Corpus

In this Petition, Petitioner asserts he was denied his right to the effective assistance of counsel because his pre-trial counsel did not convey a plea offer that stipulated a sentence of 2.5 years imprisonment. (Doc. 1.)

On February 26, 2015, Respondents filed a Limited Answer to the habeas Petition. (Doc. 11.) On April 8, 2015, the Court ordered Respondents to re-serve the Limited Answer on Petitioner. (Doc. 16.)  On April 14, 2015, Respondents filed a Notice with the Court stating that they mailed their Limited Answer to Petitioner at his updated address on March 24, 2015. (Doc. 17.)  Petitioner did not file a Reply.

### III.  PETITIONER'S HABEAS PETITION IS UNTIMELY.

The writ of habeas corpus affords relief to persons in custody pursuant to the judgment of a state court in violation of the Constitution, laws, or treaties of the United

States.  28 U.S.C. §§ 2241(c)(3), 2254(a).  Petitions for Habeas Corpus are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2244.

### a. Statute of Limitations

The AEDPA imposes a one-year limitation period, which begins to run "from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).

The Arizona Court of Appeals issued its decision in Petitioner's direct appeal of his convictions and sentences on February 27, 2003, and its decision in his appeal of the trial court's restitution order on August 14, 2003.  Petitioner had 35 days to seek review of these decisions by the Arizona Supreme Court, but he did not do so.  *See* Ariz. R. Crim. P. 31.19(a) ("Within 30 days after the Court of Appeals issues its decision, any party may file a petition for review with the clerk of the Supreme Court . . . ."); *see* Ariz. R. Crim. P. 1.3(a) ("[w]henever a party has the right or is required to take some action within a prescribed period after service of a notice or other paper and the notice or paper is served by a method [other than same-day hand delivery] . . . "five calendar days shall be added to the prescribed period"); *State v. Savage*, 573 P.2d 1388, 1389 (Ariz. 1978) (holding Rule 1.3 applies to petitions for review in PCR proceedings). Accordingly, Petitioner's convictions became final on or about September 19, 2003.  *See Gonzalez v. Thaler*, 132 S. Ct. 641, 656 (2012) ("[W]ith respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' under § 2244(d)(1)(A) when the time for seeking such review expires . . . .").

Petitioner argues that he is entitled to a later start date of the statute of limitations due to the Supreme Court's decision in *Frye*, which he contends established a new constitutional rule.  He asserts "the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." (Doc. 1 at 30.)  In *Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir. 2012), the Ninth Circuit held

that *Lafler* and *Frye* did not decide a new constitutional rule, but rather applied the Sixth Amendment right to effective assistance of counsel according to the test articulated in *Strickland v. Washington*, 466 U.S. 668, 686 (1984).  "Because the Court in *Frye* and *Lafler* repeatedly noted its application of an established rule to the underlying facts . . . neither case decided a new rule of constitutional law." *Buenrostro*, 697 F.3d at 1140. Therefore, any argument that the operative date for the start of the one-year statute of limitations for Petitioner's habeas corpus petition should run from the date of the *Frye* decision must fail.[2]

The one-year statute of limitations on Petitioner's federal habeas action, therefore, began to run on or about September 19, 2003, and expired on or about September 19, 2004, absent statutory or equitable tolling.

### b.  Statutory tolling

The AEDPA provides that a petitioner is entitled to tolling of the statute of limitations during the pendency of a "properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim."  28 U.S.C. § 2244(d)(2).  *See also Artuz v. Bennet*, 531 U.S. 4, 8, 121 S. Ct. 361, 363-64 (2000); *Stewart v. Cate*, 757 F.3d 929, 934-35 (9th Cir. 2014), *cert. denied*, 135 S.Ct. 341 (2014); *Harris v. Carter*, 515 F.3d 1051, 1053 (9th Cir. 2008).  "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period.  28 U.S.C. § 2244(d)(2).

In Arizona, post-conviction review is pending once a notice of post-conviction relief is filed, even though the actual petition is not filed until later.  *See Isley v. Arizona Dep't of Corr.*, 383 F.3d 1054, 1056 (9th Cir. 2004). *See also* Ariz. R. Crim. P. 32.4(a) ("A proceeding is commenced by timely filing a notice of post-conviction relief with the court in which the conviction occurred.").  An application is "pending" under 28 U.S.C. §

---

[2] *Frye* was decided on March 21, 2012.  Petitioner filed his Petition on December 15, 2014.

- 8 -

2244(d)(2) during the "time between a lower state court's decision and the filing of a notice of appeal to a higher state court." *Carey v. Saffold*, 536 U.S. 214, 219 (2002); *Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003). However, the time between a first and second application for post-conviction relief is generally not tolled because no application is "pending" during that period. *See Cross v. Sisto*, 676 F.3d 1172, 1179 (9th Cir. 2012); *Biggs*, 339 F.3d at 1048.

Petitioner initiated a timely state action for post-conviction relief pursuant to Rule 32 of the Arizona Rules of Criminal Procedure, prior to the date that his direct appeal concluded. The action was revived when his direct appeal became final. Accordingly, the statute of limitations was tolled until November 3, 2003, when the state trial court denied relief and dismissed the Rule 32 action. Therefore, the statute of limitations on Petitioner's habeas claims, allowing for the longest arguable period of statutory tolling, began to run on November 4, 2003, and expired on or about November 4, 2004. Petitioner's federal habeas action, filed in 2014, was not filed within the one-year statute of limitations period.

Petitioner's second, third, and fourth state post-conviction actions did not toll the statute of limitations with regard to his federal habeas petition because these were not "properly filed" state actions for post-conviction relief. A state post-conviction petition that is not filed within the state's required time limit is not "properly filed" and, therefore, the habeas petitioner is not entitled to statutory tolling of the federal statute of limitations during the time such a petition is "pending" in the state courts. *See Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005). "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Id.* at 414.

Additionally, Petitioners motion for reconsideration and the successive Rule 32 actions initiated by Petitioner in the state courts could not and did not restart the already-expired statute of limitations on Petitioner's federal habeas claims. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding that § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was

filed"). A state-court petition that is filed after the expiration of the statute of limitations under the AEDPA does not revive the running of the limitations period. *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001).

### c. Equitable Tolling

The one-year statute of limitations for filing a habeas petition may be equitably tolled if extraordinary circumstances beyond a prisoner's control prevent the prisoner from filing his petition on time. "A petitioner who seeks equitable tolling of AEDPA's 1–year filing deadline must show that (1) some 'extraordinary circumstance' prevented him from filing on time, and (2) he has diligently pursued his rights. *Holland v. Florida*, 560 U.S. 631, 649 (2010)." *Luna v. Kernan*, 784 F.3d 640, 646 (9th Cir. 2015). The petitioner bears the burden of showing that equitable tolling should apply. *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005). Equitable tolling is only appropriate when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely habeas action. *Chaffer v. Prosper*, 592 F.3d 1046, 1048–49 (9th Cir. 2010). Equitable tolling is to be rarely granted. *See, e.g.*, *Waldron–Ramsey v. Pacholke,* 556 F.3d 1008, 1011 (9th Cir. 2009). Petitioner must show that "the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." *Porter v. Ollison,* 620 F.3d 952, 959 (9th Cir. 2010). "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *Marcello*, 212 F.3d at 1010).

Petitioner has not stated an adequate basis for equitable tolling of the statute of limitations. Petitioner asserts his Petition is untimely because his trial counsel did not inform him of a plea offer of 2.5 years. (Doc. 1 at 30.) Petitioner waited more than eight years to assert this claim in state court. On November 3, 2003, the trial court dismissed Petitioner's first Rule 32 action. (*Id.*, Ex. S.) On September 24, 2012, Petitioner filed his second Notice of Post-Conviction Relief, which alleged for the first time that counsel failed to advise Petitioner of a 2.5-year plea offer. (Doc. 11, Ex. B at 3.) Petitioner

presents no justification, other than his discovery of the *Frye* opinion, for this eight-year delay. The instant Petition was also filed more than two years after Petitioner first alleged it in state court. Petitioner has not diligently pursued his rights regarding this issue.[3]

A petitioner's *pro se* status, ignorance of the law, and lack of representation during the applicable filing period do not constitute circumstances justifying equitable tolling because such circumstances are not "extraordinary." *See Waldron–Ramsey*, 556 F.3d at 1013 n.4 ("a pro se petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling"), cert. denied, 558 U.S. 897 (2009); *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."); *Johnson v. United States*, 544 U.S. 295, 311 (2005) ("[W]e have never accepted pro se representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness."). Petitioner is not entitled to equitable tolling on this ground.

## IV.   EVIDENTIARY HEARING

An evidentiary hearing is not warranted regarding Petitioner's claims, including equitable tolling, because the record is sufficiently developed to resolve this question. A habeas petitioner asserting equitable tolling "should receive an evidentiary hearing when he makes 'a good-faith allegation that would, if true, entitle him to equitable tolling.'" *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006) (quoting *Laws v. Lamarque*, 351 F.3d 919, 919 (9th Cir. 2003). An evidentiary hearing is not mandatory. "Where the record is amply developed, and where it indicates that the petitioner's mental incompetence was not so severe as to cause the untimely filing of his habeas petition, a district court is not

---

[3] Petitioner's allegation of ineffective assistance of counsel does not change the Court's determination that the Petition is untimely. *See Chavez v. Sec'y, Fla. Dep't Corr.*, 742 F.3d 940, 945 (11th Cir. 2014) ("Chavez's initial § 2254 petition was dismissed as untimely because it was filed more than one year after his convictions became final on direct review, see 28 U.S.C. § 2244(d)(1)(A), and nothing in [*Martinez v. Ryan*, 132 S. Ct. 1376 (2012)] alters that fact."); *Manning v. Epps*, 688 F.3d 177, 189 (5th Cir. 2012) (*Martinez* does not extend statute of limitations period under 28 U.S.C. § 2244(d)(1)(B)).

obligated to hold evidentiary hearings to further develop the factual record, notwithstanding a petitioner's allegations of mental incompetence." *Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010). *See also*, *Gaston v. Palmer*, 417 F.3d 1030, 1035 (9th Cir. 2005) (affirming conclusion that "[b]ecause [Gaston] was capable of preparing and filing state court petitions [during the limitations period], it appears that he was capable of preparing and filing a [federal] petition during the [same time]").

**CONCLUSION**

The record is sufficiently developed and the Court does not find that an evidentiary hearing is necessary for resolution of this matter. *See Rhoades v. Henry*, 638 F.3d 1027, 1041 (9th Cir. 2011). Based on the above analysis, the Court finds that Petitioner's claim is untimely. The Court will therefore recommend that the Petition for Writ of Habeas Corpus (Doc. 1) be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the

district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report and Recommendation. *See* Fed. R. Civ. P. 72.

Dated this 2nd day of November, 2015.

Honorable John Z. Boyle
United States Magistrate Judge